# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-2498 PA (KKx) | Date | December 18, 2017 |
|---|---|---|---|
| Title | Joseph Heslip v. Staples, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Renee Fisher | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on December 14, 2017, by defendant Staples Contract and Commercial, Inc., erroneously sued as Staples, Inc. (Docket No. 1.) Defendant asserts that the Court has jurisdiction over this action, brought by plaintiff Joseph Heslip ("Plaintiff"), based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

Here, in an effort to establish Plaintiff's citizenship, the Notice of Removal asserts that:

Plaintiff alleges in the Complaint that, at all relevant times, he was a

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-2498 PA (KKx) | Date | December 18, 2017 |
|---|---|---|---|
| Title | Joseph Heslip v. Staples, Inc., et al. | | |

> resident of California. Compl. ¶ 2. Furthermore, Plaintiff's last known address on file with Defendant is located in California. Santerre Decl. ¶ 3. During his employment with Defendant, which spanned from September 1999 through October 2016, Plaintiff lived, worked, and was physically present in California, thus demonstrating an intent to remain in California by residing and working in California for over 17 years. Id. Accordingly, Plaintiff is a citizen of the State of California for purposes of analyzing diversity jurisdiction.

(Notice of Removal ¶ 11.) While such allegations may suggest that Plaintiff resides in California, an individual is not necessarily domiciled where he resides. Kanter, 265 F.3d at 857. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. In this case, Defendant has not affirmatively alleged Plaintiff's actual citizenship. Thus, Defendant has not demonstrated that complete diversity exists.

     As a result Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to San Bernardino Superior Court, Case No. CIVDS1721900. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.